UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY GELLER,

        Plaintiff,

vs.

WASHTENAW COUNTY, a Michigan
municipal corporation, WASHTENAW
COUNTY TRIAL COURT, and
CHIEF JUSTICE MAURA D. CORRIGAN

        Defendants.
_____/

Case No. 04-72947

HONORABLE PAUL D. BORMAN
HONORABLE STEVEN D. PEPE

MEMORANDUM OPINION AND ORDER (#23)

     Plaintiff has filed various federal and state claims against Washtenaw County and the Washtenaw County Trial Court, and has dismissed all but one state law claim against Michigan Supreme Court Chief Justice Corrigan for unlawful interference with an employment contract. Plaintiff has filed a Motion To Compel Deposition Testimony of three judges of the Washtenaw County Trial Court (Dkt. #23) to obtain discovery related to his claims against Washtenaw County and the Washtenaw County Trial Court as well as his remaining claim against Justice Corrigan. This motion was referred for hearing and determination on June 27, 2005, pursuant to 28 U.S.C. §636(b)(1)(A). On March 11, 2005, Judge Borman held in abeyance Justice Corrigan's motion to dismiss or alternatively for summary judgment and Plaintiff's motion to depose her. That order anticipates the depositions of the three Washtenaw County judges. Yet, for the reasons stated below, IT IS ORDERED that Plaintiff's Motion is DENIED WITHOUT PREJUDICE, subject to this Court's

determination whether there is any federal question jurisdiction under 28 U.S.C. § 1331 over Washtenaw County or the Washtenaw County Trial Court to which this Court could exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state law claim against Justice Maura D. Corrigan.[1]

In Plaintiff's motion he seeks to depose three state court judges he alleges were involved in the decision to terminate his employment. The judges object to appearing for their depositions before the motions for summary disposition filed by defendants Washtenaw County and Washtenaw County Trial Court are heard. The judges believe that resolution of these motions will either moot the necessity of their depositions or at least limit the scope of their relevant testimony (Dkt. #s 25 and 26).

While ordinarily discovery is not stayed pending resolution of dispositive motions, special circumstances make it appropriate here.

After carefully reviewing the Defendants' motions for summary disposition, Plaintiff's response thereto and the relevant case law, it is determined that Plaintiff's motion to compel the depositions of the judges should be stayed because, it appears:

(a) this Court is likely to rule that Defendant Washtenaw County Trial Court is entitled to Eleventh Amendment immunity from this suit in a similar fashion to its decision in favor of the Oakland County Circuit Court in *Smith v. Oakland County Circuit Court* (344 F.Supp.2d 1030, 1055 (2004) (Borman, J.);

---

[1] At the time Judge Borman referred Plaintiff's motion the question of this Court's jurisdiction over Washtenaw County or the Washtenaw County Trial Court was not at issue because Defendants did not file their motions for summary disposition until the next day, June 28, 2005 (Dkt. #s 25 and 26).

(b) this Court is also likely to rule that defendant Washtenaw County should also be dismissed from this suit because, as a matter of law, it could not be Plaintiff's employer due to the doctrine of separation of powers (*see Judicial Attorneys Ass'n v. State*, 459 Mich. 291, 296 (1998)), and is therefore not a proper defendant in a case where Plaintiff only brought employment based claims against it; and

(c)  if the Court dismisses defendants Washtenaw County and Washtenaw County Trial Court, as discussed in (a) and (b), then there will be no remaining federal question under 28 U.S.C. § 1331 before this Court.  In such a case it is unlikely this Court continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the one remaining state law claim against Justice Corrigan.

Therefore, because there is a likelihood that the depositions of these state court judges in this court will be unnecessary, Plaintiff's Motion is DENIED WITHOUT PREJUDICE, subject to this Court's determination whether there is any federal question jurisdiction under 28 U.S.C. § 1331.

SO ORDERED.

Dated: August 12, 2005                         s/Steven D. Pepe
Ann Arbor, Michigan                            United States Magistrate Judge

Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on August 12, 2005.

s/William J. Barkholz
Courtroom Deputy Clerk