**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRADLEY GELLER,

              Plaintiff,                       CASE NO. 04-CV-72947

-vs-                                   PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE
WASHTENAW COUNTY,
WASHTENAW COUNTY
TRIAL COURT, JUSTICE
MAURA D. CORRIGAN,

              Defendants.
_____/

**ORDER**
**(1) GRANTING DEFENDANT WASHTENAW COUNTY'S MOTION TO RECONSIDER**
**AND (2) DISMISSING COUNT III AGAINST DEFENDANT JUSTICE CORRIGAN**

Presently before the Court is Defendant Washtenaw County's Motion to Reconsider (Docket No. 43) this Court's Order of December 29, 2005, granting in part and denying in part Defendant Washtenaw County's Motion for Summary Judgment (Docket No. 41). For the following reasons, the Court GRANTS Defendant Washtenaw County's Motion for Reconsideration and GRANTS Defendant Washtenaw County's Motion for Summary Judgment. The Court DISMISSES WITHOUT PREJUDICE Count III against Defendant Justice Corrigan.

**BACKGROUND**

Bradley Geller ("Plaintiff") was employed as a law clerk/probate counsel to Washtenaw County Probate Court Judge John N. Kirkendall. (Compl. ¶ 3). On February 5, 2004, Plaintiff received a letter from State of Michigan Trial Court Administrator Daniel Dwyer stating that his position as probate counsel was being eliminated on February 20, 2004. "Therefore, effective

1

February 20, 2004, you will be laid off from Washtenaw County employment." (Compl. Ex. 1).

Plaintiff's termination by Trial Court was allegedly part of a reorganization of the Washtenaw County Probate Court, in response to an October 23, 2003 State of Michigan Office of the Auditor General report on the Performance Audit of five probate courts. (Def.'s Mem. Supp. Summ. J. Ex. B at 4.). In addition to Washtenaw County, the courts of Huron, Calhoun, Jackson and Wayne Counties were also audited. (*Id.*). The Auditor General report outlined extensive problems regarding the improper handling of conservatorship cases, (Compl. ¶ 19), including failures relating to the restricted bank account process, fund withdrawals without authorization, and other office inefficiencies. (Def.'s Mem. Supp. Summ. J. Ex. B at 4-5).

Following these reports, then-Michigan Supreme Court Chief Justice Maura D. Corrigan responded. Chief Justice Corrigan appointed Washtenaw County Circuit Judge Archie Brown as Chief Judge of the Washtenaw County Probate Court, replacing Judge Kirkendall as Chief Judge of the Probate Court. (*Id*. at 5). Plaintiff was employed as a law clerk/probate counsel to Judge Kirkendall prior to his termination. Judge Brown appointed Washtenaw County Circuit Judge Donald E. Shelton as Chief Judge Pro Tem of the Probate Court. (*Id.*). Washtenaw County then eliminated two court employee positions: (1) Plaintiff's position as probate counsel and (2) the position of Register of the Probate Court. (Def.'s Mem. Supp. Summ. J. Ex. B at 19; Def.'s Mem. Supp. Summ. J. 4).

Plaintiff filed his federal court Complaint on August 4, 2004, alleging the following claims against defendants Trial Court, Washtenaw County, and Justice Corrigan:

I.      42 U.S.C. §1983 (All Defendants);
II.     Unlawful Termination and Breach of Contract for Employment (Defendants County and Trial Court);
III.    Unlawful Interference with Plaintiff's Employment Relationship (Defendant

2

Corrigan);

IV.   Failure to Follow Washtenaw County's Employment Policies and Failure to Follow Michigan Court Rules (Defendants County and Trial Court);

V.    Denial of Due Process (All Defendants); and

VI.   Denial of Equal Protection and Michigan Elliott-Larsen Civil Rights Act (Defendants County and Trial Court).

On December 29, 2005, this Court granted in part and denied in part Defendants' Motion for Summary Judgment. Specifically, the Court denied Defendant County's Motion to Dismiss Counts II (Unlawful Termination and Breach of Contract of Employment) and V (Denial of Due Process); granted Defendant County's Motion to Dismiss Counts I (42 U.S.C. § 1983) and VI (Denial of Equal Protection and Claim under the Michigan Elliott-Larsen Civil Rights Act); granted in part, denied in part Defendant County's Motion to Dismiss Count IV (Failure to Follow Washtenaw County's Employment Policies and the Failure to Follow Michigan Court Rules); and granted Defendant Washtenaw County Trial Court's Motion to Dismiss all counts against it.

On January 13, 2006, Defendant County filed a Motion to Reconsider the Court's December 29, 2005 Order, contending that the Court erred in finding that Washtenaw County was Plaintiff's co-employer along with Defendant Trial Court. This Court heard oral argument on the Motion to Reconsider on April 28, 2006.

## STANDARD OF REVIEW

Local Rule 7.1(g) governs motions for reconsideration, and states, *inter alia:*

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

## WASHTENAW COUNTY'S EMPLOYMENT OF PLAINTIFF

As this Court stated previously:

Plaintiff was employed by Trial Court. In *Judicial Attorneys Association v. State of Michigan*, the Michigan Supreme Court stated that "[t]he judicial branch is constitutionally accountable for the operation of the courts and for those who provide court services, and must therefore be the employer of court employees." 459 Mich. 291, 302 (1998). *Judicial Attorneys Association* held that a statute that changed the employer of local judicial employees from the state to County violated the Separation of Powers Clause of the Michigan Constitution. *Id.* at 306.

While the letter terminating Plaintiff stated that he was terminated by Trial Court Administrator, the letter of termination also stated that he will be laid off from Washtenaw County employment. Plaintiff worked for the probate court within the Trial Court. County's employee handbook states that court employees are not considered county employees.

*Geller v. Washtenaw County*, 2005 WL 3556247, *3 (E.D. Mich. 2005) (unpublished).

In that Order, the Court found significant the fact that Defendants Washtenaw County and Trial Court had averred, in responding to a separate case subsequently filed by Trial Court employees before the Honorable George C. Steeh in the Eastern District of Michigan, that County and Trial Court are co-employers. *Id.* at *4; *see LaVanway v. Washtenaw County*, No. 04-73879 (E.D. Mich. 2005). However, in a reply brief filed in support of its Motion for Summary Judgment in *LaVanway*, Washtenaw County stated:

Finally, there appears to be a need to clarify the relationship between Plaintiff and the County. Specifically, in the brief filed in support of their Motion to Dismiss, the County and the Trial Court were referred to as Plaintiff's "co-employers." That characterization of the parties' relationship requires some additional explanation. A more accurate characterization would be that the Trial Court is the employer and the County is the funding agency. Under Michigan law, "[t]he judicial branch is constitutionally accountable for the operation of the courts and for those who provide court services, and must therefore be the employer of court employees." *Judicial Attorneys Ass'n. v. State of Michigan*, 459 Mich. 291, 302 (1998). "[T]he fundamental and ultimate responsibility for all aspects of court administration, including operations and personnel matters within the trial courts, resides within the inherent authority of the judicial branch." *Id.* at 299.

*LaVanway*, No. 04-73879, Reply Brief of Defendants Washtenaw County and Washtenaw County Trial Court in Support of Motion to Dismiss Counts V, VI, and VII (Docket No. 17).

4

Moreover, in *Englar v. 41B District Court*, No. 04-73977 (E.D. Mich. Sept. 22, 2006), a case factually similar to the one at bar, this Court found that Clinton Township could not be deemed the employer of the plaintiffs based upon the *Judicial Attorneys* decision, as well as the Michigan Supreme Court's decision in *Judges of the 74th Judicial Dist. v. Bay County*, 385 Mich. 710 (1971). In *Judges*, the Michigan Supreme Court held that, based upon the doctrine of separation of powers:

> Employes [sic] of the district court are employees of the judicial district, an administration unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice. They are not employees of the county, city or other district control unit, even though they are paid by the district control unit.

385 Mich. at 723; *see Judicial Attorneys Ass'n v. State of Michigan*, 459 Mich. 291, 299-302 (1998). Although the decision in *Judges* involved a district court, its holding was extended to circuit courts. *Ottawa County Employees Ass'n v. Ottawa County Gen. Employees*, 130 Mich. App. 704, 708 (1983). Accordingly, upon reconsideration of the law, the Court finds that Defendant Washtenaw County is not the employer of Plaintiff.

## COUNT III: UNLAWFUL INTERFERENCE WITH PLAINTIFF'S EMPLOYMENT RELATIONSHIP AGAINST DEFENDANT JUSTICE CORRIGAN

Plaintiff previously agreed to dismiss all claims against Defendant Justice Corrigan except for the claim of unlawful interference with his employment relationship (Docket No. 21). Since the Court has dismissed all claims based on federal law against Defendants, the Court exercises its discretion and dismisses without prejudice Count III based on state law against Defendant Justice Corrigan.

## CONCLUSION

Defendant Washtenaw County's Motion to Reconsider is **GRANTED**. The Court

5

**GRANTS** Defendant Washtenaw County's Motion for Summary Judgment as to Count V. The Court in its discretion **DISMISSES WITHOUT PREJUDICE** Plaintiff's pendant state law claims Counts II and IV against Defendant Washtenaw County. The Court further in its discretion **DISMISSES WITHOUT PREJUDICE** Count III against Defendant Justice Corrigan.

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 22, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 22, 2006.


s/Denise Goodine
Case Manager