**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRADLEY GELLER,

               Plaintiff,                       CASE NO. 04-CV-72947

-vs-                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE
WASHTENAW COUNTY,
WASHTENAW COUNTY
TRIAL COURT, JUSTICE
MAURA D. CORRIGAN
individually and in her official capacity,

               Defendants.
_____/

**ORDER**
**(1) DENYING PLAINTIFF'S MOTION TO RECONSIDER;**
**AND (2) DENYING DEFENDANT JUSTICE CORRIGAN'S MOTION TO CLARIFY**
**AND/OR CORRECT THE SEPTEMBER 22, 2006 ORDER**

Before the Court is Plaintiff Bradley Geller's ("Plaintiff") Motion to Reconsider this Court's September 22, 2006 Order. (Docket. No. 55). For the following reasons, the Court DENIES Plaintiff's motion.

Before the Court is also Defendant Justice Corrigan's ("Defendant") Motion to Clarify and/or Correct Order Dated September 22, 2006. (Docket No. 56). For the following reasons, the Court DENIES Defendant's motion.

**ANALYSIS**

1

A.      **Plaintiff's Motion to Reconsider**

The alleged facts of Plaintiff's case are described in this Court's Order of September 22,

2006. (Docket No. 54). Plaintiff claims the following errors in his Motion to Reconsider:

(1)      Plaintiff was employed by Washtenaw County and not an employee of the judicial
branch of the State of Michigan;
(2)      The Eleventh Amendment does not preclude equitable relief against the State of
Michigan;
(3)      The Eleventh Amendment does not preclude an action for money damages against
a local court when damages are to be paid by the County;
(4)      This Court's decision denied Plaintiff equal protection of the law.

1.      *Standard of Review*

Local Rule 7.1(g) governs motions for reconsideration, and states, *inter alia:*

[T]he court will not grant motions for rehearing or reconsideration that merely present
the same issues ruled upon by the court, either expressly or by reasonable implication.
The movant must not only demonstrate a palpable defect by which the court and the
parties have been misled but also show that correcting the defect will result in a different
disposition of the case.

2.      *Washtenaw County's Employment of Plaintiff*

Plaintiff argues that this Court erred when it found that the judicial branch, and not

Washtenaw County, was his actual employer. Plaintiff claims that the Court improperly relied

upon *Judicial Attorneys Association v. State of Michigan*. 459 Mich. 29 (1998). However,

Plaintiff does not argue that this Court misapplied or misinterpreted *Judicial Attorneys* but

argues that the Michigan Supreme Court's decision in that case was "illogical, contrary to plain

fact or history, [and] in derogation to federally protected rights." Plaintiff gives no coherent

reason for this Court to question the Michigan Supreme Court's interpretation of the Michigan

State Constitution in this instance. Michigan law clearly establishes that employees of the district

and circuit courts of the state are employees of the judicial branch and not employees of the

2

county or city in which the court sits, even though they may be paid by the funding unit. *Judges of the 74th Judicial Dist. v. Bay County*, 385 Mich. 710, 723 (1971); *Judicial Attorneys*, 459 Mich. at 299-302.

        3.      *Eleventh Amendment Arguments*

Plaintiff makes a variety of arguments that the Court erred in dismissing its injunctive relief claims. However, Plaintiff's arguments that the Court improperly dismissed the claims against the Trial Court are untimely. Under Local Rule 7.1(g)(1) and FRCP 59(e), a party has ten (10) days to file a motion for reconsideration after the entry of a judgment or order. Here, Plaintiff has entered his Motion for Reconsideration more than ten (10) months after the Court granted summary judgment on those particular claims on December 29, 2005. (Docket No. 41). This Court is not permitted by its jurisdiction to enlarge the time period to file that motion. *Allen v. Hemingway*, 24 Fed. Appx. 346, 347 (6th Cir. 2001) (unpublished).

        4.      *Denial of Due Process*

Plaintiff claims that this Court's decision denies him equal protection of for leaving "Plaintiff with no redress for violations of the United States Constitution or federal law." However, this Court, in two separate orders, explained the bases for its dismissal of or grant of summary judgment on the federal claims, while dismissing the state law claims without prejudice**.** The Court will not dispense legal advice to Plaintiff on how to plead his suit against municipalities, state entities, or state officials.

**B.      Defendant Justice Corrigan's Motion to Clarify and/or Correct the Order**

Defendant Justice Corrigan motions this Court to correct or amend its September 22, 2006 order to the extent that certain portions of the factual recitation were "inaccurate" and "not supported by the record." In particular, Defendant objects to the statement that it was not Defendant, but the Michigan Supreme Court as an entity, who appointed Judge Archie Brown as Chief Judge of the Washtenaw County Probate Court. Second, Defendant objects to the statement that Defendant replaced Judge Kirkendall as Chief Judge of the Washtenaw County Probate Court.

However, since the Court treated Washtenaw County's June 28, 2005 Motion as a motion to dismiss, there is in effect no factual record to correct. A complaint brought under Federal Rule of Civil Procedure 12(b)(6) should not be dismissed for failure to state a claim, "unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Hoover v. Ronwin*, 456 U.S. 558, 587 (1984). For purposes of a motion to dismiss, the pleadings and affidavits are viewed "in a light most favorable to the Plaintiff." *Niemi v. NHK Spring Co.*, 276 F. Supp. 2d 717 (E.D. Mich. 2003). All factual allegations and any inferences derived from those allegations must be accepted as true. *Cheriee Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).

The Court in this instance recited Plaintiffs' allegations as true for the purpose of considering Washtenaw County's Motion for Summary Judgment. Since the Court dismissed all federal claims against Washtenaw County and the Washtenaw County Trial Court, Count III against Defendant was dismissed as a pendant state law claim. The Court did not reach the merits of that claim and did not make any finding of fact. Therefore, the Court denies Defendant's motion.

**CONCLUSION**

The Court **DENIES** Plaintiff's Motion for Reconsideration.

The Court **DENIES** Defendant Justice Corrigan's Motion to Clarify and/or Correct the

September 22, 2006 Order.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 16, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
October 16, 2006.

s/Denise Goodine
Case Manager

5